[Civ. No. 712. Fourth Appellate District.—April 20, 1931.]

NELLIE HIRSCHBERG, Appellant, v. H. T. GOODWIN et al., Respondents.

Chauncey E. Snow, Gordon G. MacDonald and Harmel E. Pratt, for Appellant.

George W. Bush for Respondents.

MARKS, J.—Appellant was the owner of a parcel of land near Azusa in Los Angeles County, California, which will be hereafter referred to as the Azusa property. Respondents were the owners of a house and lot in the city of Venice, now the city of Los Angeles. Appellant instituted her action against respondents to quiet title to a portion of the Azusa property and to recover possession, together with damages for its wrongful detention. It was alleged in her complaint that the reasonable rental value of that portion of the property occupied by respondents was $50 per month for slightly over four months and $100 per month thereafter. This particular allegation was not denied. All of the other material allegations of appellant's complaint were denied in the answer of respondents. They filed a cross-complaint against appellant seeking to specifically enforce an agreement of exchange of their Venice property for a portion of the Azusa property. The court found against appellant upon her action to quiet title and for recovery of the possession of the Azusa property, and in favor of respondents on their cross-complaint to specifically enforce the contract of exchange. No finding was made upon the allegations of the complaint as to the rental value of respondents' property occupied by appellant. From a judgment entered in favor of respondents, appellant has taken this appeal.

It appears from the record that all of appellant's Azusa property was, at the time of the proposed exchange, encumbered by a deed of trust securing a note in the principal

552

sum of $5,500. Upon the oral argument of this case counsel for appellant called our attention to a stipulation that this deed of trust had been foreclosed and stated that the questions presented on the appeal, except as to the recovery of the rental value of that portion of the Azusa property occupied by respondents, had become moot as appellant had lost title to and the right of possession of the Azusa property. He requested this court to make additional findings of the rental value of her property involved in this action in accordance with the undenied allegations of her complaint and render judgment in her favor for the rental which he claimed was due from respondents to her, under the powers given this court by the provisions of section 4¾ of article VI of the Constitution of California and section 956a of the Code of Civil Procedure and rules of the Supreme Court and the District Courts of Appeal adopted by the Judicial Council under authority of these sections.

 It appears from the evidence before us that during the month of March, 1927, the parties to this action entered into an escrow by the terms of which they sought to exchange their properties. During this month appellant was paid out of escrow the sum of $250 by respondents on account of a difference in the exchange values of the properties. As far as the record discloses this money is still retained by appellant. On March 20, 1927, respondents went into possession of the Azusa property with the consent of appellant, and she took possession of the Venice property at some later time. She collected rent for at least one month on the Venice property. It does not appear from the record how long she retained possession of this property.

The only conclusion to be drawn from the findings of the trial court and its judgment against appellant on her complaint, and in favor of respondents on their cross-complaint, is that the respondents went into possession of the Azusa property rightfully and under the terms of a valid and enforceable contract.

The question of appellant's recovery of any rent from respondents for the Azusa property was not pressed by her in the lower court. It was seemingly overlooked during the trial and was not made an issue to which the attention

of the trial judge was directed. Under these circumstances we do not feel called upon to make any additional findings upon an issue which was not presented during the trial of the case.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

Petition for rehearing of this cause was denied by the District Court of Appeal on May 19, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1931.